UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| URSULA GONZALES, | ) | CASE NO. ED CV 04-01294 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the matter must be remanded.

I.

Plaintiff's second of two arguments is that, in reaching the following finding, the Administrative Law Judge failed to consider the side effects of Plaintiff's medications: "There are no indications that the claimant would miss work more than three times a month

or that she could not work an 8-hour day [and] 40-hour workweek." [AR 320] Medical expert Craig Rath, M.D. was asked at the hearing, "given the medication regime she's taking right now, in your opinion would it be difficult for her to attend work on a regular basis?"  Dr. Rath responded, "Yes, because of a great deal of sedation." [AR 644] Immediately thereafter in the hearing, Dr. Rath testified on redirect examination that this "difficulty" stemmed from Plaintiff's drug addiction:

> ALJ:  Let me clarify, doctor.  So basically you're saying because of the addiction to the drugs that she could not perform a full forty hour work week or would miss [work] more than three times [per] month.
>
> . . .
>
> ME:  Correct.
>
> ALJ:  Okay.  But without the addiction to drugs, she would be capable of performing a 40-hour work week?
>
> ME:  So it appears when one looks at the consultative exams, yes.

[AR 644-45]  Plaintiff's counsel declined further cross-examination. [AR 645]

A claimant cannot be considered disabled if drug addiction is a "contributing factor material to the [disability finding]."  42 U.S.C. § 423(d)(2)(C).  Under the regulations, *see* 20 C.F.R. § 416.935, the Commissioner must determine whether she would still find the claimant disabled if the claimant stopped using drugs or alcohol.  In *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001), the Court of Appeals held that the Commissioner must determine *first* if the claimant is disabled and *then*, if he is disabled, whether the drug or alcohol addiction was a material factor contributing to the disability. The Administrative Law Judge here appears either (a) to have reversed the *Bustamante*

process, *i.e.*, presumed (without so stating) that Plaintiff was disabled but concluded that her drug abuse materially contributed to the disability, thus rendering her not disabled in the final analysis; or (b) to have made a finding that stands diametrically opposed to the medical expert's testimony quoted above, namely that Plaintiff was never under a disability at all [AR 322 (finding no. 12)], even considering the side effects of her strong medications, without an explanation for her implicit rejection of that testimony. In either instance, the Court must remand for further consideration. (The Court intimates no view as to whether Plaintiff ultimately should be viewed as disabled, either with or without taking her drug use into consideration.)

## II.

Because the Court has decided to remand the matter based on Plaintiff's second argument, it need not and does not address Plaintiff's other argument asserting a discrepancy between the vocational expert's testimony and the Administrative Law Judge's findings as they relate to whether Plaintiff's drug abuse was presumptively disabling under Listing 12.09 in 20 C.F.R. Part 404, Subpart P, appendix 1. On remand, however, the Administrative Law Judge may wish to take that argument into consideration.

## III.

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED:   March 21, 2006


                                                    */s/ Ralph Zarefsky*
                                          RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE